**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:21-cr-00028-JMS-TAB |
| | ) | |
| Shepherd Hoehn | ) | |
| Defendant. | ) | |

### DEFENDANT'S SENTENCING MEMORANDUM

The advisory Sentencing Guidelines recommendation set out in the Presentence Investigation Report in this case (Document 36) is based on the following facts:

1. Mr. Hoehn possessed a rifle equipped with a high capacity magazine.

2. Mr. Hoehn possessed 7 firearms.

3. Mr. Hoehn was an illegal user of marijuana.

4. Mr. Hoehn possessed one of these firearms in connection with his felonious interference with his former neighbor's civil rights.

The recommendation fails to consider the fact that the offense conduct was fueled almost entirely by Mr. Hoehn's untreated mental illness. That glaring fact is relevant to the Court's consideration of the factors set out in 18 U.S.C. §3553(a)(2).

The advisory Sentencing Guidelines recommend that the Court consider a downward departure, "if (1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense. Similarly, if a departure is warranted under this policy statement, the extent of the departure should reflect the extent to which the reduced mental capacity contributed to the commission of the

offense." United States Sentencing Guidelines §5K2.13.

According to Mr. Hoehn's Psychological Evaluation (Document filed under seal), he suffers from Bipolar I Disorder with Mood-Congruent Psychosis. Without treatment, he is vulnerable to acute manic episodes during which he suffers from severely degraded impulse control and distorted perceptions of reality. These symptoms were, by all accounts, major contributors to his offense conduct. Absent these symptoms, over which Mr. Hoehn has no control without medication, most of this conduct would not have occurred. It is reasonable to infer that he suffered from a significantly reduced mental capacity that contributed substantially to the commission of the offense.

Because the offense conduct was driven almost entirely by a severe mental illness, a below-guideline sentence is just, still reflects the seriousness of the offense, and still promotes respect for the law.

Bipolar disorder is highly treatable. Mr. Hoehn is exhausted from a lifetime of suffering with his mood disorder. He craves peace. He has reached an age where risky behavior feels much less tolerable while not in the grip of a manic episode. Despite the concerns of the authors of his psychological assessment, these facts increase the likelihood that he will comply with treatment recommendations and take his prescribed medications. It should be noted that he is not forced to take the mood-stabilizing medicines that he is currently taking. For these reasons, a below-guideline sentence is adequate to protect the public from further crimes by the defendant.

Mr. Hoehn requires mental health treatment. Maintaining his mental health during the difficult transition from prison to society will be critical to his success. A lengthy period of incarceration takes a toll and increases the difficulty of that transition.

Providing him with necessary mental health and correctional treatment in the most-effective way possible would transition him to a halfway house as soon as possible and force compliance with a treatment program in conjunction with a community mental healthy provider. Less time in prison would improve his ability to maintain his few close relationships and decrease the risk that he will become further isolated and alienated from society.

    A departure that reflects the extent to which Mr. Hoehn's diminished capacity to perceive reality and control his impulses contributed to his offense conduct would be no less than fifty percent of his guideline range without those considerations. The defense therefore respectfully recommends a sentence of 23 to 29 months.

                                                Respectfully submitted,

                                                *H. Samuel Ansell*
                                                H. Samuel Ansell
                                                Attorney for Defendant

## **CERTIFICATE OF SERVICE**

      I certify that on June 16, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      *<u>H. Samuel Ansell</u>*
      H. Samuel Ansell

H. Samuel Ansell
Indiana Federal Community Defenders
111 Monument Circle, Suite 3200
Indianapolis, IN 46204
317-383-3520
sam_ansell@fd.org